# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

APRIL JERMAN, ET AL.,          :
    Plaintiffs,           :
                    :  **CIVIL ACTION NO.  05-CV-5968**
    v.                    :
                    :
INSURANCE COMPANY OF NEW YORK,  :
    Defendant.          :

**Tucker J.**                                     **September \_\_\_\_ , 2007**

## M E M O R A N D U M

Presently before this Court are Defendant's Motion for Summary Judgment, Plaintiffs' Response in Opposition, Defendant's Reply, and Plaintiff's Sur-reply.  For the reasons set forth below, this Court will grant Defendant's Motion for Summary Judgment.

## BACKGROUND

This case arises from a motor vehicle accident in which Simon Heckstall, a taxicab driver for Penn Cab Company, lost control of his vehicle and struck Plaintiff April Jerman and her three month-old child, Thomas Jerman.  April Jerman suffered permanent injuries and her child died two days later from accident-related injuries.

Plaintiff April Jerman and Eugene Snipes, the decedent's father filed an action against the Insurance Company of New York (INSCORP), the insurer of Penn Cab Company.  Plaintiffs alleged that INSCORP was responsible for both April's injuries and Thomas's death.  Although Penn Cab was the employer of Simon Heckstall, Plaintiffs argue that INSCORP assumed a duty from Penn Cab Company to conduct an adequate background investigation of Penn Cab's drivers.  Plaintiffs allege that INSCORP breached this duty because a superficial investigation of Heckstall would have shown his numerous driving violations, a DUI arrest, multiple criminal convictions, as well as mental, emotional, and physical problems, all of which would render him unfit to drive a taxicab.

Defendants allege that they never assumed a duty to investigate Heckstall's personal background.  INSCORP asserts that its approval of Penn Cab's drivers was for the purpose of assessing INSCORP's own risk for insurance coverage purposes, not to protect third parties from harm caused by Penn Cab's drivers.  Moreover, INSCORP states that it had no control over Penn Cab's decision to hire drivers, and only retained the right to deny insurance coverage.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  A factual dispute is "material" if it might affect the outcome of the case under governing law.  Id.

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis of its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Where the non-moving party bears the burden of proof on a particular issue at trial, the movant's initial Celotex burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Id. at 325.  After the moving party has met its initial burden, "the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).  That is, summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that

party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322.

"[I]f the opponent [of summary judgment] has exceeded the 'mere scintilla' [of evidence] threshold

and has offered a genuine issue of material fact, then the court cannot credit the movant's version

of events against opponent, even if the quality of the movant's evidence far outweighs that of its

opponent." <u>Big Apple BMW, Inc. v. BMW of N. Am., Inc.</u>, 974 F.2d 1358, 1363 (3d Cir. 1992).

Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable

to the opposing party.  <u>Anderson</u>, 477 U.S. at 255.

## DISCUSSION

Plaintiffs allege that INSCORP is liable under § 324A of the Restatement (Second) of Torts,

which the Supreme Court of Pennsylvania has adopted as correctly stating Pennsylvania's law.  <u>See</u>

<u>Cantwell v. Allegheny County</u>, 483. A.2d 1350, 1353 (Pa. 1984).  Section 324A reads:

> One who undertakes, gratuitously or for consideration, to render services to another
> which he should recognize as necessary for the protection of a third person or his
> things, is subject to liability to the third person for physical harm resulting from his
> failure to exercise reasonable care to protect his undertaking, if
>> (a) his failure to exercise reasonable care increases the risk of such harm, or
>> (b) he has undertaken to perform a duty owed by the other to the third person,
> or
>> (c) the harm is suffered because of reliance of the other or the third person
>> upon the undertaking.

Restatement 2d of Torts, § 324A (1965).  The main issue in a § 324A claim is whether the defendant

actually assumed a duty to the person for whom the services were allegedly performed, or to the

injured third party.  <u>See</u> <u>Blalock v. Syracuse Stamping Co.</u>, 584 F.Supp. 454, 456 (E.D. Pa. 1984).

It is not enough that a defendant rendered services to another.  In order for a duty of care to have

been imposed upon the defendant, "he must specifically have undertaken to perform the task that he

is charged with having performed negligently." <u>Blessing v. United States</u>, 447 F.Supp. 1160, 1188

3

(E.D. Pa. 1978). Without the actual assumption of a particular undertaking, there can be no legal duty to render those services in a non-negligent manner. See id.

The Court of Appeals for the Third Circuit's widely cited opinion in Evans v. Liberty Mutual Ins. Co. controls the case at bar. 398 F.2d 665 (3d Cir. 1966). In Evans, the court held that an insurance company did not undertake a duty to inspect the premises of its insured by agreeing to make advisory safety recommendations. Evans was injured while attempting to dismantle a box cutting machine for his employer, which was missing a protective guard. Prior to the accident, Liberty inspected the worksite four times and made safety recommendations, but said nothing about the protective guard missing from the cardboard box cutting machine. Id. at 666. Evans alleged that Liberty Mutual Insurance Company, the insurer of his employer, was responsible for his injuries because Liberty negligently performed its duty to inspect his employer's premises.

In determining whether Liberty undertook a duty, the court focused on the purpose of Liberty's inspection and the effects of its safety recommendations. See id. The court reasoned that the purpose of Liberty's periodic inspections was for insurance coverage purposes only, such as reducing the "cost and frequency of accidents," and not to provide a safe work environment for third parties. Id. at 667. Liberty could not be liable for negligently inspecting the premises because it never assumed that duty from the plaintiff's employer. To show that Liberty never assumed a duty to inspect, the Court of Appeals stated the following as proof: (1) Liberty's safety recommendations were merely advisory; (2) Liberty was under no legal or contractual duty to inspect the plant; (3) Liberty could not compel the plaintiff's employer to follow its recommendations, but could only discontinue its coverage; and (4) that Liberty's recommendations were not followed. Id. at 666.

In Blalock v. Syracuse Stamping Co., the court followed the reasoning of Evans. 584 F.Supp.

4

454 (E.D. Pa. 1984).  An employee of Daily Corporation, a party in the <u>Blalock</u> case, suffered injuries due to a faulty valve.  Syracuse, the valve manufacturer sought indemnification from Daily's insurer, Allendale Mutual Insurance Company.  Syracuse alleged liability under § 324 of the Restatement (Second) of Torts, claiming that Allendale's periodic inspections constituted an undertaking to provide inspections services, which imposed a duty of care to the injured employee. <u>Id.</u> at 456.

The court granted Allendale's motion for summary judgment, reasoning that Allendale's inspections were solely for its own loss prevention and underwriting purposes.  <u>Id.</u>  The court analogized Allendale to the Liberty Mutual Insurance Company in <u>Evans</u>, stating that Allendale never assumed a legal or contractual duty to render inspection services to Daily.  <u>Id.</u>  Allendale's inspections as an insurer were merely advisory, and for loss prevention and underwriting purposes. <u>Id.</u> at 456-457.  Also, Allendale could not compel Daily to follow its recommendations.  Although Daily followed some of Allendale's recommendations, this was still not enough to impose a duty on Allendale.  <u>Id.</u> at 456.

Similarly, in the case at bar, INSCORP's inspection or "approval" of Penn Cab Company's drivers cannot be said to have imposed a duty on INSCORP to third parties under § 324A of the Restatement since its approval of Penn Cab's drivers was for insurance purposes only, not to ensure the safety of third parties.  Analogous to the insurer in <u>Evans</u>, INSCORP did not assume a legal or contractual obligation to provide inspection services to Penn Cab Company.  Plaintiffs quote the insurance policy as proof of a contractual obligation to conduct a background investigation of Penn Cab's drivers.  The relevant portion of the policy reads:

> The following are insureds:
> "Any driver authorized as a taxicab driver, limousine driver, or driver of any public
> delivery vehicle, while operating a covered "auto" with you knowledge and consent
> under your operating authority.  No coverage will apply to any driver newly placed
> in service after the policy begins until you report that driver to us and we will advise
> you in writing that he/she is acceptable to us and the he/she is covered under the
> policy.  Coverage on any such driver newly place in service will become effective as
> of the date and time we advise you he/she is acceptable and that they are covered by
> the policy and not before."

(See Def. Mem. Supp. Summ. J. Ex. C 31.)  Like the insurance companies in Blalock and Evans,

INSCORP's approval of drivers was advisory and intended for loss prevention and coverage

purposes.  For INSCORP to have a contractual or legal duty, it "must specifically have undertaken

to perform the task that [it] is charged with having performed negligently."  Blessing, 447 F. Supp.

at 1188.  Plaintiffs have not demonstrated that INSCORP relieved Penn Cab of its duty to investigate

drivers under the insurance policy.  Plaintiffs would have the court interpret the language of the

policy as requiring INSCORP to ascertain the fitness of an applicant as a cab driver.  Beyond their

own allegations as to the meaning of "acceptable," Plaintiffs have not offered any factual evidence

that would support this interpretation.  Moreover, if the intention of the parties was to require

INSCORP to conduct investigations of criminal, driving, and medical records, such a provision

would have been included the parties' lengthy insurance policy, and would have been discussed in

greater detail than indicated in the relevant policy portion.

    INSCORP could not compel Penn Cab Company to follow its recommendations.  Like the

Liberty Mutual Insurance Company in Evans, INSCORP's only remedy was to discontinue its

coverage if it did not approve of a particular driver.  See Evans, 398 F.2d at 666.  Plaintiffs argue

that because Penn Cab Company would not hire an individual that INSCORP did not approve,

INSCORP assumed control of Penn Cab's hiring process.  However, like in Blalock, proof that Penn

Cab Company followed the advice of its insurer, is not enough to prove INSCORP controlled the hiring process and had assumed a legal duty to investigate the backgrounds of all drivers. See Blalock, 584 F.Supp at 456.

Plaintiffs rely heavily on Farabaugh v. Pennsylvania Turnpike Comm.,911 A.2d 1264 (Pa. 2006) and Lyons v. Parkway Corp., 61 Pa. D. & C. 4th 111 (Pa. Com. Pl. 2001) to prove that INSCORP assumed a duty to investigate the backgrounds of Penn Cab's drivers.   Farabaugh is distinguishable because defendant had positively assumed "the responsibility to inspect and supervise the safety procedures on the work site." 911 A.2d at 1281.  In Lyons, defendant had assumed the general responsibility of handling emergencies. Lyons, 61 Pa. D. & C. 4th at 119-120. Both defendants differ from INSCORP in that they specifically had "undertaken to perform the task" that they were charged with having performed negligently."  See Blessing v. United States, 447 F.Supp. at 1188.  As stated above, Plaintiffs have not set forth facts from which a jury could reasonably conclude that INSCORP assumed an obligation to investigate from Penn Cab Company.

Plaintiffs cannot avert INSCORP's motion for summary judgment by resting on allegations in their pleadings, but must present competent evidence from which a jury could reasonably find in their favor.  See Read v. Sam's Club, 2005 U.S. Dist. LEXIS 37579 (E.D. Pa. 2005) (quoting Anderson, 477 U.S. at 248).  In alleging that INSCORP assumed a duty to investigate, Plaintiff mainly offers as factual evidence the INSCORP insurance policy and Penn Cab's reliance on INSCORP to perform background investigations.  As to the insurance policy, no provisions in the policy would lead a reasonable jury to conclude that INSCORP relieved Penn Cab of its duty to perform background investigations, and that INSCORP assumed an obligation to check the criminal, driving, and medical history of all Penn Cab's applicants.  Consequently, the language of the

7

insurance policy is insufficient to raise an issue of fact with respect to whether INSCORP positively assumed an obligation to investigate.

Also, Plaintiffs allege that Penn Cab did not investigate its drivers because it relied on INSCORP.  Citing the deposition testimony of Penn Cab personnel, Plaintiffs aver that Penn Cab regularly submitted all information concerning its applicants to the "insurance company."  However, Plaintiffs' have not provided any evidence from which a reasonably jury could conclude that INSCORP induced Penn Cab to relinquish such a critical duty to investigate the backgrounds of its own employees.  See Restatement 2d of Torts § 324A, cmt. e (stating that the defendant must induce the other or third party to "forgo other remedies or precautions against such a risk.").

Plaintiffs have not offered any evidence demonstrating that the relationship between Penn Cab and INSCORP went beyond the typical relationship between an insurer and insured.  An insurer may retain the right to investigate, inspect, and assess the risks of its insured, without relieving the insured its lawful duties to third parties.

## CONCLUSION

There exist no genuine issues of material fact as to INSCORP's duty to Penn Cab Company or Plaintiffs or causation.  For the foregoing reasons, Defendant's Motion for Summary Judgment is granted.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **APRIL JERMAN, ET AL.,** | : | |
| **Plaintiffs,** | : | |
| | : | **CIVIL ACTION NO.  05-CV-5968** |
| **v.** | : | |
| | : | |
| **INSURANCE COMPANY OF NEW YORK,** | : | |
| **Defendant.** | : | |

**ORDER**

**AND NOW**, this ___ day of September, 2007, upon consideration of Defendant's Motion

for Summary Judgment (Doc. 18 & 21) and Plaintiffs' Responses (Doc. 20 & 22), **IT IS**

**HEREBY ORDERED AND DECREED** that Defendant's Motion for Summary Judgment is

**GRANTED.**

The Clerk of the Court shall mark the above-captioned case **CLOSED**.

**BY THE COURT:**

_____
**Hon. Petrese B. Tucker, U.S.D.J.**

9